```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


   JOSHUA GALJOUR                              CIVIL ACTION

   VERSUS                                      NO: 10-704

   VERNON H. RODRIGUE AND                      SECTION: J(4)
   JEROME J. BARBERA, III
```

### ORDER AND REASONS

Before the Court is Defendant Jerome J. Barbera, III's, ("Judge Barbera") **Motion for Summary Judgment (Rec. Doc. 29)**, Defendant Vernon H. Rodrigue's ("Clerk of Court") **Motion for Summary Judgment (Rec. Doc. 41)**, and Plaintiff's **Memorandum in Opposition (Rec. Doc. 46)** to both motions.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

On February 26, 2009, Plaintiff, a graduate student at Tulane University, received a jury summons from the 17th Judicial District Court in Lafourche Parish, Louisiana. The summons was accompanied by a seven-page questionnaire that was supposed to be filled out and then returned to the courthouse by mail or hand delivery. The questionnaire included questions inquiring about the individual's religious preference, mental health, and organizational affiliations. Plaintiff considered the

1

information requested to be deeply sensitive and highly personal, but he understood that he was required to answer the questions. Plaintiff was unable to appear for jury duty because of his schoolwork, so he inquired about requesting an exemption. He was told by the courthouse that he would have to complete the questionnaire in order to request an exemption, so he complied with these instructions. He was ultimately granted the exemption and, therefore, did not serve as a juror at any time. Plaintiff's answers to the jury questionnaire are now indefinitely on file with Defendants, and he is afraid that the sensitive and personal information contained therein may be either intentionally or inadvertently disclosed. Thus, Plaintiff filed a claim with this Court in February 2010 seeking the return of the original and all copies of his jury questionnaire to him. He also wants to enjoin Defendants from issuing jury questionnaires that seek to compel the disclosure of constitutionally protected information and from using information obtained through jury questionnaires. Finally, Plaintiff seeks a declaration from this Court that Defendants' policy of issuing jury questionnaires as described above violates the First and Fourteenth Amendments, as well as an award of nominal damages and attorneys' fees.

**THE PARTIES' ARGUMENTS**

In their Motions for Summary Judgment (Rec. Docs. 29 and 41), Defendants argue that Plaintiff's claims should be dismissed because he lacks standing, has no constitutional right to privacy under the circumstances, and any privacy interests he may have are being adequately protected. Defendants contend that Plaintiff lacks standing to seek prospective relief because he cannot demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Defendants state that it is entirely speculative that Plaintiff will be called for jury duty in the future and asked the same questions in a jury questionnaire because Judge Barbera specifically tailored the questions at issue for the highly-publicized murder trial in which they were going to be used. Defendants also argue that Plaintiff's alleged injury lacks redressability because the jury questionnaire is already securely maintained by the Clerk of Court, and release of Plaintiff's answers would violate the criminal defendant's Sixth Amendment right to a fair and impartial jury and the public's First Amendment right to open court proceedings. Defendants state that prospective jurors' privacy interests must often yield to these constitutional rights of the criminal defendant and the public, and Judge Barbera

effectively used his broad discretion to draft a jury questionnaire that would balance all of these competing interests in the context of a murder trial where mental illness and the death penalty were at issue. Finally, Defendants contend that they are entitled to absolute judicial immunity because they were performing acts that were judicial in nature.

Plaintiff opposes Defendants' motions and argues that he has standing because his injury occurred the moment he was compelled to disclose private and personal information that he believed to be irrelevant to his fitness for jury service, and this injury continues because the information is still on file with the courthouse. Also, the fact that Plaintiff's information is being securely maintained by the Clerk of Court does not eliminate the possibility of unintended disclosure of his personal information. Plaintiff also argues that Judge Barbera's use of the jury questionnaire to balance Plaintiff's privacy interests and the criminal defendant and the public's constitutional rights was an improper exercise of his discretion, and proper balancing could only have taken place in the courtroom and not through a written questionnaire. Finally, Plaintiff agrees that he cannot pursue his claim for damages because of absolute judicial immunity but that such immunity does not apply to prospective injunctive

relief.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). In this case, there are no genuine issues of material fact remaining because the parties have agreed to vacate the current scheduling order and proceed on a stipulated record if necessary. Thus, the Court finds that Defendants are entitled to judgment as a matter of law.

In order to invoke the power of the federal courts, a litigant must have standing. Allen v. Wright, 468 U.S. 737, 750 (1984). The doctrine of standing "embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of

generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." Id. at 751.  Although the doctrine of standing lacks a precise definition, a plaintiff must allege a personal injury that is real instead abstract or conjectural, traceable to the defendant's allegedly unlawful conduct, and for which relief is likely to follow from a favorable ruling.  Id.  In this case, the Court does not find that Plaintiff has standing to bring his claims, which the Court finds are simply generalized grievances that are not within the protection of the constitutional right of privacy.

Plaintiff claims that the jury questionnaire he was compelled to answer with personal and private information, and the continued possession of those answers by Defendants, violates his constitutional right of privacy.  In his view, his injury is real, Defendants' conduct was unlawful, and a favorable ruling on his prayer for injunctive relief will redress his injury.  This Court, however, does not agree.  While prospective jurors have a privacy interest in the information asked of them during *voir dire*, this interest must be balanced with the Sixth Amendment right of criminal defendants to a fair and impartial trial and

the First Amendment right of the public and press to open court proceedings.  Press-Enterprise Co. v. Superior Court of Ca., Riverside County, 464 U.S. 501, 505-12 (1984).  It is within the trial judge's discretion to determine where and how to strike this balance, and Judge Barbera determined that a jury questionnaire with specific questions relevant to the murder trial at issue was the best way to protect the interests of all parties.  Moreover, the answers to these questions remain undisclosed to the public.

The Court finds that, in light of the rights of the criminal defendant and the public, Plaintiff does not have a constitutional privacy interest in his answers to a jury questionnaire that were only seen by Judge Barbera and his staff and that are securely maintained at the courthouse.  Furthermore, his fear that this information may somehow be unintentionally disclosed in the future is not a concrete injury on which to obtain injunctive relief.  Because Plaintiff's claim of privacy is not constitutionally protected under the circumstances, he has not asserted a sufficient injury upon which to invoke the power of this Court.

Accordingly, **IT IS ORDERED** that Defendants' **Motions for Summary Judgment (Rec. Docs. 29 and 41)** are **GRANTED**.  Plaintiff's

claims against Defendants are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 6th day of May, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE